## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH BROWN<br>425 Crotzer Avenue<br>Folcroft, PA 19032<br>     and<br>JEROME HARRIS<br>5449 Lebanon Avenue<br>Philadelphia, PA 19131<br>     and<br>EDWARD MCCAULEY<br>723 10th Avenue<br>Prospect Park, PA 19076<br>     and<br>KOREY STREET<br>716 Sharon Avenue, Apt. 3<br>Sharon Hill, PA 19079<br><br>       Plaintiffs,<br><br>    v.<br><br>SAMUEL KILLEEN, *individually*<br>1217 Elmwood Avenue<br>Sharon Hill, PA 19079<br>     and<br>MICHAEL HELLER, *individually*<br>1217 Elmwood Avenue<br>Sharon Hill, PA 19079<br>     and<br>H. AND H. DISPOSAL SERVICE, INC.,<br>d/b/a HH DELCO DISPOSAL<br>1217 Elmwood Avenue<br>Sharon Hill, PA 19079<br><br>       Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, hereby avers as follows:

## I. <u>INTRODUCTION</u>

1.      This action has been initiated by Kenneth Brown, Jerome Harris, Edward McCauley, and Korey Street (hereinafter referred to collectively as "Plaintiffs," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state law(s). Plaintiffs assert herein that they were not paid overtime compensation in accordance with the FLSA (also in violation of state law). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. <u>JURISDICTION AND VENUE</u>

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiffs' claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiffs' state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. <u>PARTIES</u>

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.    Plaintiffs are adult individuals, with addresses as set forth in the caption.

7.    H. & H. Disposal Service, Inc., d/b/a HH Delco Disposal ("Defendant H&H" where referred to individually) is a municipal waste provider in Delaware County, Pennsylvania.

8.    Samuel Killeen ("Defendant Killeen" where referred to individually) is upon information and belief the owner and President of Defendant H&H.

9.    Michael Heller ("Defendant Heller" where referred to individually) is upon information and belief a Vice President and/or high-level executive manager within Defendant H&H.

10.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  **FACTUAL BACKGROUND**

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Plaintiff McCauley is (currently) employed by Defendants as follows:

(1) He has been a thrower. This is a physically demanding role wherein Plaintiff McCauley would typically remain on a small ledge on the back of a trash-collection vehicle lifting, carrying, and throwing trash bags or bins into a garbage truck. In such a role, Plaintiff McCauley worked in tandem with a truck driver along assigned routes.

(2) Plaintiff McCauley and other similarly-situated employees of Defendant H&H are generally paid a flat fee per day. Plaintiff's flat rate per day has been (and remains) $100 per day (irrespective of actual hours worked in a day or week). Plaintiff has ***never*** been paid at a rate of time and one half when he has worked in excess of forty (40) hours per week.

(3) Plaintiff McCauley was hired by Defendants in 2019, and he remains employed by Defendants in the aforementioned role(s).

13.    Plaintiff Harris is (currently) employed by Defendants as follows:

3

(1) He has been a thrower. This is a physically demanding role wherein Plaintiff Harris would typically remain on a small ledge on the back of a trash-collection vehicle lifting, carrying, and throwing trash bags or bins into a garbage truck. In such a role, Plaintiff Harris worked in tandem with a truck driver along assigned routes.

(2) Plaintiff Harris and other similarly-situated employees of Defendant H&H are generally paid a flat fee per day. Plaintiff's flat rate per day has been (and remains) $120 per day (irrespective of actual hours worked in a day or week). Plaintiff Harris has *never* been paid at a rate of time and one half when he has worked in excess of forty (40) hours per week.

(3) Plaintiff Harris has worked for Defendants for more than 10 years, and he remains employed by Defendants in the aforementioned role(s).

14.    Plaintiff Brown was (previously) employed by Defendants as follows:

(1) He was a driver. In this capacity, he drove trash and recycling vehicles (hauling such products) wherein throwers would stand on the back ledge of his assigned vehicle (working n tandem with drivers).

(2) Plaintiff Brown and other similarly-situated employees of Defendant H&H were generally paid a flat fee per day. Plaintiff Brown has *never* been paid at a rate of time and one half when he has worked in excess of forty (40) hours per week.

(3) Plaintiff Brown worked for Defendants for approximately 1.5 years, and he was terminated from the aforementioned role(s) in or about November of 2025.

15.    Plaintiff Street is (currently) employed by Defendants as follows:

(1) He has been a thrower. This is a physically demanding role wherein Plaintiff Street would typically remain on a small ledge on the back of a trash-collection vehicle lifting, carrying, and throwing trash bags or bins into a garbage truck. In such a role, Plaintiff Street worked in tandem with a truck driver along assigned routes.

(2) Plaintiff Street and other similarly-situated employees of Defendant H&H are generally paid a flat fee per day. Plaintiff's flat rate per day has been (and remains) $100 per day (irrespective of actual hours worked in a day or week). Plaintiff has *never* been paid at a rate of time and one half when he has worked in excess of forty (40) hours per week.

(3) Plaintiff Street was hired by Defendants and has continually worked therein for the last approximate three (3) years, and he remains employed by Defendants in the aforementioned role(s).

16.     Plaintiffs all averaged 45 – 60 hours per week in many weeks during their respective periods of employ with Defendants. Sometimes, they worked 10 – 13 hours per day (from arrival until end of day at work). Plaintiffs rarely ever took (or had the pleasure of taking) lunch breaks due to their schedules.

17.     On rare occasions, Plaintiffs or other employees might be given some sort of nominal incentive or bonus of something such as an extra $50.00 (typically in cash). This was not related to overtime compensation.

18.     State and federal overtime laws permit a three-year lookback (and claim) for any unpaid overtime compensation (from lawsuit filing). Conservatively, assuming Plaintiffs only averaged an approximate 10 - 15 hours of overtime in many weeks each year, they are collectively owed thousands of hours in unpaid overtime compensation.

19.     Unpaid overtime owed to all three Plaintiffs collectively exceeds $100,000.00 (in a three-year lookback), plus they are entitled to liquidated damages, legal fees, and costs.[1]

20.     Under the Motor Carrier Act ("MCA"), certain trucking or trash companies operating nationwide are exempt (*if* they engage in (substantial or) a high percentage of interstate transit and commerce). However, it is well established (as explained *infra*) that local or regional trucking or trash businesses must pay overtime compensation (and **do not** meet MCA exemption status).

21.     Defendant H&H operates as follows:

> (1) It operates from a single location in Sharon Hill, Pennsylvania (within Delaware County);

---

[1] Plaintiff identifies the overtime rate of *roughly* $20.00 per hour because the overtime rate is premised upon inclusion of incentives and bonuses per year under applicable regulations. The total calculation of incentives and bonuses paid during Plaintiff's period of employment will likely therefore impact the overtime rate utilized (and will require wage-related discovery).

5

(2) It has generally operated with approximately 20-30 employees at any given time (depending upon time of year and year of business operations);

(3) It operates exclusively within the geographic area of Delaware County (and within Delaware County) and solely within Pennsylvania (engaging in <u>no</u> interstate transit);

(4) Online research illustrates Defendant H&H is registered as an "Intrastate Non-Hazmat" carrier and business;

(5) Defendant H&H employees solely transport trash (collected) to Waste Management at 2300 Concord Road, Chester, PA 19013 for overall disposal (an incinerator plant); and

(6) Defendant H&H employees solely transport recycling (collected) to Blue Mountain Recycling at 2904 Ellsworth Street, Philadelphia, PA 19146 (for overall disposal).

22.     Defendants operate a small, local trash business wherein an estimated 95% of business operations are solely within Delaware County, Pennsylvania (with some minor transit to Philadelphia for recycling disposal). There is no interstate transport or commerce conducted by Defendants' enterprise.

23.     Jurisprudence addressing similar local or regional businesses conclude they must pay employees overtime because they are not engaged in interstate transport sufficiently to be exempt under the MCA. *See e.g. Barrios v. Suburban Disposal, Inc.*, 2013 U.S. Dist. LEXIS 175155, at *25 (D.N.J. 2013)(denying summary judgment on overtime claims because employees of a trash company were only performing locally, not traveling out of state, and for other related reasons); *Harrison v. Delguerico's Wrecking & Salvage,* 2016 U.S. Dist. LEXIS 75955, at *16 (E.D. Pa. 2016)(denying summary judgment and explaining trash-truck employees or drivers are not exempt from overtime unless there is interstate commerce and transport).

24.     Any and all actions by Defendants engaged in were willful, intentional, and to avoid wage or overtime compliance. Defendants flout regulations in <u>many</u> contexts, exhibiting

6

the absence of mistake or error. Such examples include: (1) paying employees proverbially under the table or in cash; (2) not properly withholding taxes or paying taxes to the government; (3) requiring truck use with <u>major</u> safety and legal violations at the risk of employee and citizen harm (resulting in numerous internal complaints by employees of very dangerous OSHA and vehicle violations); and (4) mixing recycling products in trash after collection from consumers to avoid higher recycling charges from a recycling plant (and to garner cheaper rates for trash incineration, at the risk of more harm to the environment). Defendants are very unscrupulous.

25.     Defendants fail to even maintain time records, punch-in or punch-out clocks, or any method for tracking or calculating actual hours, days, or minutes worked by any of its employees. This is a direct violation of 29 U.S.C. § 211(c), often referred to as a Section 11 violation. The failure to maintain such records permits a court or factfinder to presume that a plaintiff's estimate of hours worked in overtime is wholly accurate (as plaintiffs should not be prejudiced by a company's failure to abide by laws).[2]

26.     Defendants' management (including Defendants Killeen and Heller) are direct overseers over staffing, hiring, terminations, payroll, compensation in general, and other employment terms and conditions. They both failed to directly pay Plaintiffs (and others) overtime compensation.

27.     Defendants Killeen and Heller are high-level managers, executives, and/or owners of Defendants' enterprise who personally oversaw compensation, scheduling, and engaged in all

---

[2] *See e.g. Medrano v. Inv. Emporium LLC,* 672 F. App'x 944, 947 (11th Cir. 2016)(if an employer fails to maintain accurate time records, overtime should be awarded based upon the employee's "approximate" of hours worked), citing *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

unlawful actions as outlined in this lawsuit. They are personally liable as to their own individual assets and hence sued herein individually as well.[3]

**Count I**
**<u>Violations of the Fair Labor Standards Act ("FLSA")</u>**
**(Unpaid Overtime Compensation)**
**- Against All Defendants -**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiffs were not paid all overtime owed as outlined *supra*, which constitutes violations of the FLSA.

**Count II**
**<u>Violations of the Pennsylvania Minimum Wage Act ("PMWA")</u>**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B. Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiff would have received had it not been for

---

[3] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

Defendants' wrongful actions, including but not limited to unpaid wages, overtime, and other compensation owed.

C.       Plaintiffs are to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.       Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.       Plaintiffs are to be awarded the maximum damages available under all applicable laws for willfulness in violations, the absence of good faith, and for knowing and intentional recklessness or malice.

F.       Plaintiffs are to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.       Plaintiffs are permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: March 25, 2026

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kenneth Brown, et al. | : | CIVIL ACTION |
| v. | : | |
| Samuel Killeen, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 3/25/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

**RELATED CASE IF ANY:** Case Number: 26-1802     Judge: Mary Kay Costello

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☒
   If yes, attach an explanation. Related to Docket No.: 26-1802

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☒ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)　　　　　　　　　　　**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BROWN, KENNETH, ET AL. | KILLEEN, SAMUEL, ET AL. |

**(b)** County of Residence of First Listed Plaintiff　Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1　U.S. Government Plaintiff
- [X] 3　Federal Question *(U.S. Government Not a Party)*
- [ ] 2　U.S. Government Defendant
- [ ] 4　Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [X] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | **Other:** | **IMMIGRATION** | | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $　　　　　　　　　CHECK YES only if demanded in complaint:
JURY DEMAND:　[X] Yes　[ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*　JUDGE　Mary Kay Costello　　DOCKET NUMBER　26-1802

DATE　3/25/2026　　SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　　　AMOUNT　　　　APPLYING IFP　　　　JUDGE　　　　MAG. JUDGE